BLD-130                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3196
_____

TERRENCE UPSHAW,
                          Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 15-cv-00658)
District Judge:  Honorable William J. Nealon

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
February 4, 2016
Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: February 16, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Terrence Upshaw appeals from the District Court's dismissal of his § 2241 petition. For the reasons articulated below, we will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

Upshaw is a federal inmate incarcerated at USP Lewisburg. He was convicted of two counts of conspiracy to distribute crack cocaine and sentenced to life imprisonment. Following his conviction and sentence, Upshaw made numerous unsuccessful attempts to vacate his sentence. As described in detail by the District Court below, he filed several § 2255 motions, a 60(b) motion, a motion to dismiss his conviction, and a motion for relief from judgment in the sentencing court. Upshaw also brought a petition pursuant to 28 U.S.C. § 2241 before the District Court for the Northern District of New York, and a motion seeking leave to file a successive petition with the United States Court of Appeal for the Second Circuit. Both were denied. He then brought the instant § 2241 action. The District Court dismissed his petition for lack of jurisdiction, concluding that Upshaw failed to show that § 2255 was an inadequate or ineffective mechanism for challenging the validity of his sentence.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. On appeal from the dismissal of a § 2241 petition, we exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error. O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005).

2

A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the validity of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may challenge the validity of his conviction or sentence via a § 2241 petition only if he establishes that a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e). So far we have found that a § 2241 petition qualifies for that exception only where the conduct that forms the basis for the conviction has since been deemed non-criminal by an intervening Supreme Court decision that was unavailable on appeal or during § 2255 proceedings. In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

Upshaw argues that he qualifies for § 2241 relief for several reasons. First, he argues that the Supreme Court's decisions in Alleyne v. United States, 133 S. Ct. 2151 (2013), and Burrage v. United States, 134 S. Ct. 881 (2014), made his conviction and sentence "erroneous." At the time of his direct appeal and his initial § 2255 motion, he was foreclosed by Circuit precedent from raising similar arguments and neither case had yet been decided.[1] He argues that § 2255 is inadequate or ineffective because he cannot bring claims based on Alleyne and Burrage in a successive § 2255 motion; the Supreme Court has not made either case retroactive to cases on collateral review. Finally, he

---

[1] Upshaw's § 2241 petition also asserts, without much explanation, that his conviction and sentence are contrary to the holdings in Jones v. United States, 526 U.S. 227 (1999), Apprendi v. New Jersey, 530 U.S. 466 (2000), DePierre v. United States, 564 U.S. 70 (2011), and Moncrieffe v. Holder, 133 S. Ct. 1678 (2013). These arguments are also unavailing, however, because these cases do not demonstrate that the conduct for which Upshaw was convicted and sentenced has been made non-criminal; nor do they otherwise

argues vaguely and without much detail, that a "fundamental error" occurred in his criminal proceedings, which he is unable to raise using the procedures provided in § 2255.

The District Court correctly concluded that the mere denial of his § 2255 motions and requests to file a second or successive § 2255 motion does not demonstrate that § 2255 is inadequate or ineffective to challenge the legality of his detention. Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief, or because a petitioner is unable to meet AEDPA's stringent gatekeeping requirements for filing a second or successive § 2255 motion. See Dorsainvil, 119 F.3d at 251.

Moreover, neither Alleyne nor Burrage decriminalized the actions underlying his conviction. Alleyne is merely an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Alleyne, the Supreme Court held that the same rule also applies to "facts that increase mandatory minimum sentences." 133 S. Ct. at 2163. Similarly, in Burrage, the Supreme Court extended Alleyne to hold that the "death results" penalty enhancement is an element that must be submitted to the jury and found beyond a reasonable doubt. See Burrage, 134 S. Ct. at 887. We have previously held that prisoners may not resort to §

qualify for relief under § 2241.

4

2241 petitions to raise <u>Apprendi</u> arguments. <u>Okereke v. United States</u>, 307 F.3d 117, 121 (3d Cir. 2002). Thus, Upshaw may not resort to a § 2241 petition to raise his <u>Alleyne</u> and <u>Burrage</u> arguments.

Upshaw also argues that his right to due process, grand jury indictment, trial by jury, and effective assistance of counsel were violated during his criminal proceedings. These arguments, however, are routine matters that should have been raised in § 2255 proceedings. There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court.